Kenneth L. HOSTETLER, Earl Albertson, Junior A. Avers, Wallace L. Avers, Hubert Ball, Joseph B. Blacker, Marvin D. Clem, et al., Appellants,

v.

BROTHERHOOD OF RAILROAD TRAINMEN, an unincorporated association, and General Grievance Committee, Brotherhood of Railroad Trainmen, Baltimore & Ohio System, Appellees.

No. 8185.

United States Court of Appeals
Fourth Circuit.

Sept. 21, 1961.

Herbert M. Brune, Baltimore, Md. (Meyer Fix, Rochester, N. Y., on brief), for appellants.

Bernard M. Savage, Baltimore, Md. (Wayland K. Sullivan, Cleveland, Ohio, on brief), for appellees.

Before SOBELOFF, Chief Judge, SOPER, Circuit Judge, and BRYAN, District Judge.

PER CURIAM.

Action upon the appellants' petition for rehearing was deferred, at the petitioners' request, pending a decision by the Supreme Court in International Association of Machinists v. Street. That case has now been decided, 1961, 367 U.S. 740, 81 S.Ct. 1784, 6 L.Ed.2d 1141. We find nothing that supports the contentions of our appellants, either in the plurality opinion of Mr. Justice Brennan in which the Chief Justice and Justices Clark and Stewart joined, or in the opinion of Mr. Justice Douglas, concurring hesitantly to make up the necessary majority, or in the separate dissenting opinions of Justices Black and Whittaker, or in the dissent of Mr. Justice Frankfurter in which Mr. Justice Harlan joined.

In Railway Employees' Dept., etc. v. Hanson, 1956, 351 U.S. 225, 76 S.Ct. 714, 100 L.Ed. 1112, the Supreme Court had upheld the validity of § 2, Eleventh of the Railway Labor Act (45 U.S.C.A. § 152, Eleventh) which authorized collective bargaining agreements requiring employees as a condition of continued employment to belong to an authorized union. Justice Brennan's opinion in the Street case, answering the contention of the Union that Hanson had already disposed of the First Amendment claims raised by the discharged employees in Street, drew a distinction which is highly significant here. Justice Brennan said:

"* * * But there was nothing concrete in the record to show the extent to which the unions were actually spending money for political purposes and what these purposes were, nothing to show the extent to which union funds collected from

members were being used to meet the costs of political activity and the mechanism by which this was done, and nothing to show that the employees there involved opposed the use of their money for any particular political objective. In contrast, the present record contains detailed information on all these points, and specific findings were made in the courts below as to all of them. * * * " 367 U.S. at pages 747–748, 81 S.Ct. at page 1789.

Recognizing this distinction, we cannot avoid the conclusion that the record in the instant case is like Hanson and unlike Street, in that we have here the assertion of objectionable political activity made for the first time several years after the suit had been filed and long after termination of the plaintiffs' union membership. We find in the present record nothing to indicate that opposition by the plaintiffs to the union's political activity or the use of plaintiffs' dues for that purpose was ever voiced while they were members. It does not even appear that such expenditures were made in any of the years before the plaintiffs' expulsion for nonpayment of dues. The carefully restricted conditions of liability set forth by Mr. Justice Brennan in Street can afford no comfort to these plaintiffs. Mr. Justice Douglas makes it plain that he concurs only on condition that relief shall be confined to the protesting members. Our plaintiffs did not show that they ever registered any protest.

Moreover, even if these appellants succeeded in bringing themselves within the narrow scope of the majority's requirements in Street to recover a portion of their dues, it nevertheless plainly appears from the opinions of seven of the nine justices that the plaintiffs would not in any event be entitled to the primary relief sought—a judgment invalidating the collective bargaining agreement as to them.

The majority of the court finds no ground for departing from its previous holding, to which we felt compelled by Pennsylvania R. Co. v. Rychlik, 1957, 352 U.S. 480, 77 S.Ct. 421, 1 L.Ed.2d 480, for the reasons previously stated.

The petition for rehearing must be denied.

Judge BRYAN abstains from any action on this petition.